**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the matter of: | No. CV-10-01028-PHX-FJM |
| Bashas' Inc.; Bashas' Leaseco Inc., | **ORDER** |
| Debtors. | |
| Ella Yazzie, | |
| Plaintiff, | |
| vs. | |
| Bashas' Inc.; Bashas' Leaseco, Inc., | |
| Defendants. | |

The court has before it debtors/defendants Bashas' Inc. and Bashas' Leaseco Inc.'s motion to withdraw the reference to a bankruptcy judge (doc. 2) and plaintiff Ella Yazzie's response (doc. 6).

**I**

In March 2009, plaintiff's son Andy was struck and killed by a Bashas' truck backing into a loading dock at a supermarket in Chinle, Arizona. In June 2009, plaintiff brought negligence claims against debtors on behalf of herself and the estate in a Navajo tribal court. Although the parties provide little detail on the status of the tribal case, which also involves claims against a property owner and the driver of the truck, we note that non-Indian entities

are not subject to the jurisdiction of the tribal court. Plains Commerce Bank v. Long Family Land & Cattle Co., __ U.S. __, __, 128 S. Ct. 2709, 2726 (2008); Montana v. United States, 450 U.S. 544, 101 S. Ct. 1245 (1981). Nevertheless, the entire case was apparently stayed after debtors entered Chapter 11 bankruptcy in July 2009. Motion, Ex. 3 at 2 ("Because of the automatic stay, no serious discovery has been advanced in the Navajo Nation case."). In the bankruptcy case, plaintiff filed proofs of claim and moved for an "evidentiary hearing to determine the debtors' culpability or responsibility for the personal injury to and wrongful death of her son." Id. Debtors opposed the motion, which is pending. In this court, they move to withdraw the reference with respect to plaintiff's claims. They contend that plaintiff's claims should be tried in district court because they are personal injury and wrongful death claims. Plaintiff agrees.

**II**

For cause shown, a "district court may withdraw, in whole or in part, any case or proceeding referred" to a bankruptcy judge. 28 U.S.C. § 157(d). Debtors assert that withdrawal of the reference is appropriate due to the nature of plaintiff's claims and the following statutory provisions:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Id. § 157(b)(5). This paragraph is part of a subsection concerning the authority of bankruptcy judges. Another paragraph of the subsection makes a distinction between the estimation of claims for the purposes of confirming a Chapter 11 plan, on the one hand, and "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims" for purposes of distribution on the other. Id. § 157(b)(2)(B). The former is included among the core proceedings that a bankruptcy judge can hear and determine, while the latter is not. Debtors do not discuss the current status of their bankruptcy case or what effect, if any, this distinction has on the merits of their motion.

In order to ensure that our resolution did not disrupt the on-going bankruptcy

proceeding, we consulted with Judge Marlar, who advises that the proceeding is at the plan confirmation stage. Under these circumstances, it is premature to adjudicate the Yazzie claims. See, e.g., Roberts v. Johns-Manville Corp. (In re Johns-Manville Corp.), 45 B.R. 823 (S.D.N.Y. 1984). If, after confirmation, adjudication of the claims is not mooted, we can always try the claims at a later date. Judge Marlar suggests that Yazzie request a status hearing in the bankruptcy case.

**IT IS THEREFORE ORDERED DENYING** Bashas' Inc. and Bashas' Leaseco Inc.'s motion to withdraw the reference without prejudice to renewing it if it becomes necessary in the future (doc. 2).

DATED this 15th day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

cc: The Hon. James M. Marlar, United States Bankruptcy Judge, District of Arizona, Tucson Division.